a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DESHAWN WRIGHT #84069-509,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-00690<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| K GOLDEY ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a request for temporary restraining order ("TRO") and preliminary injunction contained within the civil Complaint filed by pro se Plaintiff Deshawn Wright ("Wright"). Wright is imprisoned at the United States Penitentiary in Pollock, Louisiana ("USP-P"). He seeks damages and injunctive relief related to an alleged incident of excessive force.

Because Wright does not meet the requirements for emergency injunctive relief, the Motion should be DENIED.

I.   Background

Wright alleges that he was subjected to excessive force on April 21, 2025. He requests a "preliminary injunction and temporary restraining order" to protect him from future harm. ECF No. 1 at 4.

Wright filed an unsigned and incomplete application for leave to proceed *in forma pauperis*. ECF No. 2. He has been ordered to remedy the deficiency by June 23, 2025. ECF No. 5.

II. <u>Law and Analysis</u>

A TRO is a "an extraordinary and drastic remedy." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009). The purpose of a TRO is to "preserve, for a very brief time, the status quo, so as to avoid irreparable injury pending a hearing on the issuance of a preliminary injunction." *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 829 (5th Cir. 1976); see also, *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974) (noting that *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo"). "The purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Canal Auth. of the State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

To obtain a preliminary injunction or TRO, a movant must, through an affidavit or verified complaint, establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *See* Fed. R. Civ. P. 65 *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted).

Wright has not submitted an affidavit or verified complaint. Additionally, he fails to demonstrate that he faces irreparable harm without a TRO. Wright presents no facts indicating that a single past instance of alleged excessive force "constitutes

a clear and imminent threat of any future harm." *Garcia v. Lumpkin*, 6:22-cv-279, 2022 WL 16842062, at *2 (E.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 16838021 (E.D. Tex. 2022) (citing *Maxwell v. Almanza*, No. 1:18-cv-0179, 2021 WL 5969409, at *3 (N.D. Tex. 2021) (fact that prison officials may have used excessive force in the past is not dispositive of whether there is a sufficient probability that the plaintiff will be subjected to it in the future). Therefore, Wright is not entitled to a TRO.

If Wright submits a proper *in forma pauperis* application and is granted pauper status, his Complaint will be reviewed pursuant to 28 U.S.C. § 1915 and § 1915A, and his claims addressed in due course.

### III. Conclusion

Because Wright is not entitled to emergency injunctive relief, IT IS RECOMMENDED that his Motion (ECF No. 1) be DENIED.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, June 9, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE