a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DESHAWN WRIGHT #84069-509, Plaintiff | CIVIL DOCKET NO. 1:25-CV-00690 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| K GOLDEY ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil Complaint filed by pro se Plaintiff Deshawn Wright ("Wright"). ECF No. 1. Wright is imprisoned at United States Penitentiary – Lee in Jonesville, Virginia ("USP-L"). He seeks damages for an alleged incident of excessive force.

Because Wright failed to comply with the Court's Order to Amend the Complaint, it should be DISMISSED WITHOUT PREJUDICE.

I. Background

Wright alleges that on April 21, 2025, he was placed in a four foot by four foot cage with his hands cuffed behind his back. ECF No. 1 at 2. Wright told Lt. Dyer that he was going to "write him up for retaliation." *Id.* Lt. Dyer responded with a threat to use pepper spray and "beat" Wright. *Id.*

Wright asserts that Lt. Dyer summoned other officers, who gathered around the cage. Officer Bolden stated on his radio that Wright was attempting to commit

suicide. *Id.* at 3. Lt. Dyer and Officer Paulk then sprayed Wright with pepper spray. *Id.* Wright was removed from the cage, decontaminated, and received medical treatment before being placed on suicide watch. ECF No. 1-2 at 3.

Wright attaches to his Complaint an administrative tort claim dated April 25, 2025, which he presumably filed with the Bureau of Prisons ("BOP"). ECF No. 1-2. The Federal Tort Claims Act ("FTCA") instructs that a tort claim cannot be entertained in federal court unless it is "first presented . . . to the appropriate Federal agency" and has "been finally denied by the agency in writing," or six months have passed since the plaintiff made his administrative demand. *See* 28 U.S.C, § 2675(a). Wright does not state whether he mailed the claim to the BOP or whether he received a denial from the agency. Accordingly, he was ordered to amend the Complaint. ECF No. 14.

## II. Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. *See* Fed. R. Civ. P. 41(b). The dismissal may occur upon the motion of a defendant or the Court's own motion. The authority to dismiss *sua sponte* is provided to "achieve the orderly and expeditious disposition of cases"; to "prevent undue delays"; and to "avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-31 (1962); *see also Morris v. Ocean Sys., Inc.,* 730 F.2d 248, 251 (5th Cir. 1984); *Anthony v. Marion County General Hospital,* 617 F.2d 1164, 1167 (5th Cir. 1980).

Wright was ordered to amend the Complaint by October 14, 2025. To date, he has failed to comply with the Court's Order to amend, and he has not requested an

extension of time within which to comply. Therefore, the Complaint should be dismissed under Rule 41.

### III. Conclusion

Because Wright failed to comply with the Court's Order, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, December 16, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE